## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

BRANDI HANDLEY, as the Personal Representative of the
Estate of Edward Wayne Handley,
BRANDI HANDLEY, as the Mother and Next Friend of
Jaxsyn Lewis Handley, a minor child,

    Plaintiffs,

v.                                                     Case No.:   CV-2017-

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT

    Plaintiffs, Brandi Handley, as the personal representative of the Estate of Edward Wayne Handley, and Brandi Handley, as the Mother and Next Friend of Jaxsyn Lewis Handley, a minor child, (The named plaintiffs are hereinafter collectively referred to as "Plaintiffs") complaining of the defendant, the United States of America, allege as follows:

    1. This action arises under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671 et seq. This court is vested with jurisdiction pursuant to 28 U.S.C.A. § 1346(b) for the reason that the plaintiffs' damages are for wrongful death, personal injury and property damage that were proximately caused by the negligent and wrongful acts and omissions of employees of the federal government while acting within the scope of their office and employment.

    2. Plaintiffs are citizens and residents of Cullman County, Alabama and the cause of action on which this action is based arose in that county, which is within the Northern District of Alabama. Thus, venue is properly laid in this court.

    3.  At all times material to this Complaint, defendant United States of America owned, operated, controlled, and maintained a United States Post Office located at 630

Main St. NE, Hanceville, AL 35077.

4. At all times material to this Complaint, defendant, United States of America, controlled, employed, and retained Pamela Faye Hendrix as the United States Postal Service's joint venturer, agent, servant, employee and/or ostensible agent.

5. Edward Wayne Handley died on May 28, 2016 as a result of the motor vehicle collision made the basis of this lawsuit. Prior to his death, Edward Wayne Handley was a citizen and resident of Cullman County, Alabama.

6. Edward Wayne Handley was married to Brandi Handley at the time of his death.

7. On July 11, 2016, Brandi Handley was properly and duly appointed as the administrator and personal representative of the Estate of Edward Wayne Handley by Order of the Probate Court of Cullman County, Alabama.

8. Jaxsyn Lewis Handley's date of birth is January 12, 2007. Brandi Handley brings this action on Jaxsyn's behalf as the natural mother and next friend of Jaxsyn Lewis Handley.

9. On May 28, 2016, a few minutes after 4:00 o'clock p.m., central standard time, Edward Wayne Handley was operating a motorcycle in Cullman County, Alabama on highway 31 near a bridge which goes over the Mulberry River ("the Mulberry River Bridge"). Mr. Handley was traveling south and was very near the Blount County, Alabama county line. Mr. Handley's son, Jaxsyn Lewis Handley, a minor child at times material to the actions alleged in this Complaint, was a passenger on the motorcycle operated by his father, Edward Wayne Handley. At all times material to this Complaint, Edward Wayne Handley owned the motorcycle operated by him at the time of the collision made the basis of this lawsuit.

10. Edward Wayne Handley, at all times mentioned herein, was driving his motorcycle in a lawful and careful manner, in full compliance with the motor vehicle laws of the State of Alabama. Mr. Handley was traveling within or below the posted speed limit(s).

11. On the said date and at the said time and at all other times material to this complaint, Pamela Faye Hendrix (hereinafter referred to as "Hendrix") was delivering mail in her capacity as an employee and agent of the United States Postal Service (hereinafter referred to as "USPS"), an agency of the Defendant, the United States of America.

12. Immediately prior to the collision made the basis of this Complaint, Hendrix completed the delivery of mail to a mailbox to the right (west side) of highway 31 South in Cullman County, Alabama just north of the Mulberry River Bridge located on highway 31. The location of the said mailbox required Hendrix to position her motor vehicle all of the way off of the right side/west side of highway 31 south in order to deliver mail to the said mailbox such that no part of Hendrix's vehicle was on highway 31 south while Hendrix was servicing the mailbox on the west side of highway 31 south.

13. Immediately following Hendrix's delivery of mail to the said mailbox, Hendrix pulled her vehicle back onto highway 31 south directly in the path of the motorcycle operated by Edward Wayne Handley causing Mr. Handley to veer to his left to avoid a collision with the vehicle operated by Hendrix. Edward Wayne Handley had the right of way. Immediately thereafter, Ms. Hendrix made a left hand turn off of highway 31 again in the path of Mr. Handley's motorcycle thereby causing Mr. Handley's motorcycle to collide with the vehicle operated by Hendrix. As a direct and proximate cause of the collision, Edward Wayne Handley and Jaxsyn Lewis Handley were thrown from their motorcycle.

14. At the time of such collision, Hendrix was an employee of the United States of America, specifically employed as a driver by the USPS and was acting within the course and scope of that employment at the time of the above-described collision due to the fact that Hendrix was delivering mail for the USPS at the time of the above-described collision and was under the control of the USPS.

15. Hendrix was negligent in failing to keep a proper lookout and in failing to take, or attempt to take, reasonable avoidance action, or any avoidance action; and Hendrix otherwise failed to act prudently under the circumstances, all of which negligence and carelessness constituted the proximate and actual cause of the collision made the basis of this lawsuit.

# COUNT I

### *Edward Wayne Handley (Deceased)*

16. Plaintiffs incorporate by reference all the allegations set forth in paragraphs one through fifteen above.

17. Defendant, the United States of America, is liable for personal injury caused by the negligent or wrongful acts and omissions of any deemed employee of the federal government while acting within the scope of their office or employment pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671 et seq., to the extent the Federal Tort Claims Act constitutes a waiver by defendant United States of America of the federal government's immunity from liability in tort.

18. The collision made the basis of this lawsuit was caused by the negligence and carelessness of defendant, United States of America, and was not due in any way to any act or failure to act on the part of Edward Wayne Handley or Jaxsyn Lewis Handley.

19. The negligence and carelessness of defendant, the United States of America, includes, but is not limited to, the following wrongful or negligent acts or omissions performed by or attributable to Defendant's employee and/or agent, Hendrix:

(a) striking and killing Edward Wayne Handley and injuring Jaxsyn Lewis Handley and damaging Edward Wayne Handley's motorcycle while operating and driving a motor vehicle;

(b) improperly and illegally pulling into the path of Edward Wayne Handley's motorcycle;

(c) failing to keep and maintain a proper lookout;

(d) failing to maintain adequate control of the operation of the vehicle;

(e) operating the vehicle in a careless and dangerous manner;

(f) failing to slow, stop, or swerve the vehicle when she knew, or in the exercise of reasonable care should have known, that the vehicle would strike plaintiff and plaintiff's motorcycle;

(g) failing to warn of the approach of the vehicle;

(h) operating the vehicle in violation of the statutes, rules, and regulations of the State of Alabama;

(i) operating the vehicle without due regard for the right, safety, and position of plaintiff;

(j) operating the vehicle without lawful and proper vigilance and watchfulness; and

(k) improperly making a left hand turn;

(l) negligence per se.

20. The carelessness and negligence of Defendant, United States of America, increased the risk of harm to Edward Wayne Handley and Jaxsyn Lewis Handley and was the direct and proximate cause of the injuries and damages suffered by the said persons.

21. As a direct and proximate result of the above-described negligence of Defendant, Edward Handley was caused to suffer catastrophic bodily injuries and die.

22. As a direct and proximate result of such injuries, Edward Handley endured great pain and suffering and mental anguish prior to his untimely death.

23. As a further direct and proximate result of such injuries, Edward Wayne Handley and/or the Estate of Edward Wayne Handley has expended or will expend

large sums for medical expenses including the following medical expenses known of at the time of the filing of this Complaint:

University of Alabama-Birmingham Hospital - $49,909.36;

Air Evac EMS, Inc. - $35,671.58;

University of Alabama Health Services Foundation - $1,365.00;

Cullman Regional Medical Center (Cullman Emergency Medical Services) - $852.00.

24. Edward Wayne Handley was forty-eight years of age at the time of his death. For many years prior to such injuries, Edward Wayne Handley was employed by Carcel & G Construction, LLC as a superintendent and prior to his death, received the following wages:

2015 - $61,165.50;

2014 - $64,595.39;

2013 - $62,350.64;

2012 - $63,145.50.

25. As a direct and proximate result of the negligence of Defendant and the death of Edward Wayne Handley, Mr. Handley was caused to suffer loss of future earnings consistent with the earnings he received from 2012 through the date of his death.

26. As a direct and proximate result of the negligence of Defendant, the Estate of Edward Wayne Handley was caused to suffer the total loss of the motorcycle operated by Edward Wayne Handley at the time of the May 28, 2016 collision made the basis of this lawsuit valued at approximately $20,000.00.

27. On August 10, 2016 Brandi Handley submitted the claim made on behalf of

the Estate of Edward Wayne Handley, in the amount of $5,020,000.00 with the Chief Counsel, National Tort Center, U.S. Postal Service, P.O. Box 66640, St. Louis, MO 63166-6640.

28. The United States Postal Service failed to make a final disposition of plaintiffs' claims within six months after they were filed.

WHEREFORE, Plaintiff Brandi Handley, as the Personal Representative and on behalf of the Estate of Edward Wayne Handley, claims of defendant, the United States of America, the amount of $5,020,000.00 plus interest and costs as allowed by law.

## COUNT II

### *Jaxsyn Lewis Handley*

29. Plaintiffs incorporate by reference all of the allegations set forth in paragraphs one through twenty-eight above.

30. As a direct and proximate result of the collision caused by the above-described negligence of Defendant's employee, Jaxsyn Lewis Handley was caused to suffer personal injuries and bodily injuries, including but not limited to a broken right hand and broken right 5th metacarpus fracture. Due to the said injury, Jaxsyn Lewis Handley had surgery at Cullman Regional Medical Center on June 2, 2016. Dr. David J. Deuland performed the surgical procedure.

31. As a direct and proximate result of such injuries and/or due to the negligence of Defendant, Jaxsyn Lewis Handley has incurred and will continue to incur medical expenses, therapy expenses, pharmaceutical expenses and endured embarrassment, humiliation, inconvenience, restrictions of usual activities, loss of well being, aches, pains, great pain and suffering, mental anguish and emotional distress and will continue to be prevented from engaging in his usual activities, pursuits, and avocations, with a consequent loss of the pleasures and enjoyment of life.

32. As a direct and proximate result of the negligence of Defendant, Jaxsyn Lewis Handley was forced to witness his father suffer injuries which led to Edward Wayne Handley's death. This has caused or has contributed to the suffering of

emotional distress and mental anguish by Jaxsyn Lewis Handley. Jaxsyn Lewis Handley has undergone therapy and/or counseling due to the emotional distress and mental anguish suffered as a direct and proximate consequence of the defendants' negligence and will more than likely continue to do so in the future thereby incurring future medical and pharmaceutical expenses and costs.

33. As a further direct and proximate result of such injuries, Jaxsyn Lewis Handley, has expended or will expend large sums for medical expenses including the following medical expenses known of at the time of the filing of this Complaint:

Cullman Regional Medical Center - $5,997.77;

Cullman Sports and Orthopedic Medicine (Dr. David J. Deuland) - $1,283.00;

Leah Belser - $900.00;

Anesthesia Services of Birmingham - $450.00

Hopper's Pharmacy/Enterprise Rx - $90.76.

34. Jaxsyn Lewis Handley will continue to need or require psychiatric assistance and/or care, counseling and/or therapy in the future due to the emotional distress and mental anguish suffered by Jaxsyn as a direct and proximate result of the motor vehicle collision and resulting injuries proximately and actually caused by the negligence of the defendants.

35. On August 10, 2016, Brandi Handley submitted the claim made on behalf of Jaxsyn Lewis Handley, in the amount of $4,000,000.00 with the Chief Counsel, National Tort Center, U.S. Postal Service, P.O. Box 66640, St. Louis, MO 63166-6640.

36. The United States Postal Service failed to make a final disposition of plaintiffs' claims within six months after they were filed.

WHEREFORE, Plaintiff Brandi Handley, as Mother and Next Friend of Jaxsyn Lewis Handley, claims of defendant, the United States of America, the amount of $4,000,000.00, plus interest and costs as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendant, the United States of America, as follows:

1. Damages in the amount of $5,020,000.00 against Defendant and in favor of the Estate of Edward Wayne Handley with interest on such amount as allowed by law from the date of judgment until paid;

2. Damages in the amount of $4,000,000.00 against Defendant and in favor of Brandi Handley, as Mother and Next Friend of Jaxsyn Lewis Handley, a minor child, with interest on such amount as allowed by law from the date of judgment until paid;

3. Costs of suit; and

4. Such other and further relief as the court deems just and proper.

Dated:  *July 28, 2017*

Respectfully submitted,

                                               */s/ Trent Lowry*
                                               Attorney for Plaintiffs
                                               OF COUNSEL:
                                               Griffith, Lowry & Meherg, LLC
                                               409 1st Avenue SW
                                               (256) 734-0458 (telephone)
                                               (256) 775-9240 (facsimile)
                                               trent@griffithlowry.com

**SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

Attorney General of the United States
Department of Justice
Room 5111
10th & Constitution Avenue, NW
Washington, D.C. 20530

U.S. Attorney for the Northern District of Alabama
Attention:   Civil Process Clerk
1801 4th Avenue North
Birmingham, AL 35203

U.S. Attorney for the Northern District of Alabama
Attention:   Civil Process Clerk
400 Meridian Street
Suite 304
Huntsville, AL 35801